UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOUIS N. LOWE,**

    **Plaintiff,**

    v.                                     **Civil Action 2:14-cv-535**
                                             **Judge George C. Smith**
                                             **Magistrate Judge Elizabeth P. Deavers**

**WARDEN JOHN DOE,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Louis N. Lowe, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants, Lieutenant Lewis and Warden Oppy, deprived him of his right to practice his religion (Rastafarianism) under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing him to cut his dreadlocks ("locks").  This matter is before the Court for consideration of Defendant Lewis' Motion for Summary Judgment based on Plaintiff's failure to properly exhaust administrative remedies (ECF No. 8), Plaintiff's Memorandum in Opposition (ECF No. 17), and Defendant Lewis' Reply (ECF No. 18).

This matter is also before the Court for consideration of Defendant Lewis' Motion to Strike Plaintiff's Surreply.  (ECF No. 23.)  As a preliminary matter, Defendant Lewis' Motion to Strike is **GRANTED**.  Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the Court has established the following procedure for filing memoranda:

> Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion. Failure to file a memorandum in opposition may be cause for the Court to grant

> any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees. A reply memorandum may be served within fourteen (14) days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.

S.D. Ohio Civ. R. 7.2(a)(2). Consequently, to properly file a surreply, Plaintiff must seek leave from the Court demonstrating good cause. Here, Plaintiff did not do so before filing his Surreply to Defendant Lewis' Motion for Summary Judgment. Accordingly, Defendant Lewis' Motion to Strike is **GRANTED**.[1] (ECF No. 23.) The Clerk is **DIRECTED** to **STRIKE** Plaintiff's Surreply, ECF Number 22, from the Court's docket.

For the reasons that follow, it is **RECOMMENDED** that Defendant Lewis' Motion for Summary Judgment be **DENIED**.

## I.

Plaintiff Lowe is a state-inmate currently housed at Noble Correctional Institution ("NCI"). On November 21, 2013, Plaintiff was transferred from federal custody, where he was permitted to grow his locks, to the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") to serve his state-court sentence. Plaintiff alleges that upon his admission to the ODRC Correctional Reception Center ("CRC"), Defendant Lewis forced him to cut his locks. Plaintiff contends that by forcing him to cut his locks, Defendant Lewis deprived him of his right to practice his religion under the First Amendment and RLUIPA.

On June 6, 2014, Plaintiff filed the instant action requesting damages and injunctive relief. Subsequently, Defendant Lewis filed his Motion for Summary Judgment, contending that Plaintiff did not properly exhaust the administrative remedies set out in Ohio Administrative Code § 5120–9–31. Specifically, Defendant Lewis submits that Plaintiff did not file his

---

[1]The Undersigned notes that Plaintiff's Surreply did not include any additional evidence

grievance in a timely manner and that he did not file an appeal with the Office of the Chief Inspector.  Plaintiff maintains that he did, in fact, properly exhaust administrative remedies.  (ECF No. 17.)  The parties' accounts of Plaintiff's compliance with Ohio's grievance process differ as follows.

**A.     Plaintiff's Account**

Plaintiff alleges that Defendant Lewis ordered his locks to be cut on November 21, 2013.  (Pl.'s Aff., ECF No. 35.)  Plaintiff asserts that he filed an informal complaint with Defendant Lewis eight days later, on November 29, 2013, alleging that Defendant Lewis' actions deprived him of his First Amendment right to practice his religion.  *Id.* Plaintiff further asserts that on December 16, 2014, he was transferred from CRC to NCI.  *Id*.  Plaintiff maintains that he did not receive a response from Defendant Lewis regarding his informal complaint until February 19, 2014, and that he filed a grievance seven days later, on February 26, 2014.  *Id*.  He further maintains that after the CRC Institution Inspector denied his grievance as untimely on March 6, 2014, he filed a timely appeal to the Chief Inspector on March 10, 2014.  *Id.*  According to Plaintiff, the Chief Inspector never responded to his appeal.

**B.     Defendant Lewis' Account**

Defendant Lewis agrees that Plaintiff's locks were cut on November 21, 2013.  Defendant Lewis, however, indicates that Plaintiff submitted an informal complaint on December 9, 2013. (Wingard Aff. ¶ 12, ECF No. 8-1.)  Defendant Lewis also submits that Plaintiff received a written response from him on December 12, 2013, but that he waited to file his grievance until February 26, 2014.  *Id*. at ¶¶ 12, 15.  Finally, Defendant Lewis asserts that the

---

or arguments that would affect the Recommendation on this matter.

Inspector denied Plaintiff's grievance on March 6, 2014, and that Plaintiff never appealed his grievance to the Office of the Chief Inspector. *Id*. at ¶¶ 15-16.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of

its case, summary judgment is appropriate." *Stanberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

"Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures"). Where, as here, an inmate "affirmatively endeavors to comply" with the administrative procedures, a court must "analyze[] whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cnty.*, 636 F.3d 218, 224 (6th Cir. 2011)).

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code §

5

5120–9–31.  To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC facility must comply with its three-step grievance system.  *Id*.  For the first step, the inmate must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned.  Ohio Admin. Code § 5120–9–31(K)(1).  If the inmate is not satisfied with the results at the first step, he may file a formal grievance with the inspector of institutional services at the prison where he is confined no later than fourteen (14) days after receiving a response to the informal complaint.  Ohio Admin. Code § 5120–9–31(K)(2).  That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt.  *Id*.  If the inmate is dissatisfied with the disposition of his grievance, he may pursue the third step, and file an appeal to the office of the Chief Inspector of ODRC within fourteen days of the disposition of his grievance.  Ohio Admin. Code § 5120–9–31(K)(3).  An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.

Applying the foregoing authority, the Undersigned concludes that summary judgment is inappropriate on the issue of exhaustion because, in viewing the facts in a light most favorable to Plaintiff, a genuine dispute of material fact exists as to whether Plaintiff timely filed his grievance and appeal.

**A.   Grievance**

In his Motion for Summary Judgment, Defendant Lewis argues that Plaintiff's grievance was not properly filed for three different reasons.  First, Defendant contends that Plaintiff

6

received a response to his informal complaint on December 12, 2013, but waited until February 26, 2014, to file his formal grievance.  The parties agree that plaintiff filed his informal complaint on time.  (Lowe Aff. 1, ECF No. 35); (Wingard Aff. ¶ 12, ECF No. 8-1.)  They disagree, however, on the date in which Plaintiff received a response to his informal complaint.  Defendant Lewis contends that Plaintiff received a response on December 12, 2013,  (Def.'s Rep. 5, ECF No. 8); (Wingard Aff. ¶ 14, ECF No. 8-1), while Plaintiff contends that he was transferred to NCI on December 16, 2013, and did not receive a response to his informal complaint until February 19, 2014.  (Pl.'s Resp. in Opp. 4, ECF No. 17); (Lowe Aff. 1, ECF No. 35.)  The parties agree that Plaintiff filed his grievance on February 26, 2014.  (Wingard Aff. ¶ 15, ECF No. 8-1); (Lowe Aff. 1-2, ECF No. 35.)

      The Undersigned concludes that a genuine dispute of material fact exists as to whether Plaintiff received a response to his informal complaint on December 12, 2013, or February 26, 2014, and, necessarily, whether Plaintiff filed his grievance within fourteen days of receiving Defendant Lewis' response to his informal complaint as required by Ohio's inmate grievance procedure.  When considering the facts in a light most favorable to Plaintiff, a reasonable jury could conclude that Plaintiff did not receive Defendant Lewis' response until February 19, 2014, due to his transfer to NCI, and that his grievance, which was filed on February 26, 2014, was timely.  Accordingly, given the parties' differing accounts as to when Plaintiff received Defendant Lewis' response, summary judgment is inappropriate.

      Defendant Lewis posits that even if Plaintiff did not receive a response to his informal complaint until February 19, 2014, Plaintiff still failed to properly exhaust administrative remedies for two reasons.  First, Defendant Lewis maintains that Plaintiff was responsible for

7

properly exhausting the grievance process even in light of his transfer to NCI.  The Court agrees with Defendant that generally "[t]he transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility 'unavailable' for purposes of exhaustion."  *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal citations omitted).  Nevertheless, the Court of Appeals for the Sixth Circuit has also held that:

> [T]he PLRA only requires exhaustion of *available* remedies. While this requires plaintiffs to use grievance procedures even where they believe the procedure to be ineffectual or futile, it does not require a plaintiff to use remedies not reasonably available. Thus, this Court has held that where a plaintiff files a formal written grievance and does not receive a timely response, that plaintiff has exhausted all available remedies. A plaintiff is not expected to appeal a grievance to which he has not received a response and it is not the plaintiff's burden to continually inquire after a properly filed grievance.

*Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) (internal citations omitted).  Applying the foregoing to this case, if Plaintiff did not receive a response to his informal complaint until February 19, 2014, he would not have been expected to file a formal grievance in the interim.  Under Ohio Administrative Code § 5120–9–31(K)(2), if an inmate is not satisfied with the results at the first step, he may file a formal grievance with the inspector of institutional services at the prison where he is confined no later than fourteen (14) days after receiving a response to the informal complaint.  Accordingly, Plaintiff could not file his grievance if he had not yet received a disposition on his informal complaint.  For this reason, a factual issue of whether Plaintiff received a response from Defendant Lewis on December 12, 2013, or February 19, 2014, must be resolved in order to determine if Plaintiff properly exhausted administrative remedies.

Finally, Defendant Lewis contends that "[Plaintiff] needed to contact [the Inspector of

Institutional Services] about not receiving the response to his informal complaint" within the requisite time-frame in order to demonstrate compliance with the grievance procedure. (Def.'s Rep. 5, ECF No. 18.) Ohio Administrative Code § 5120-9-31(K)(1) provides that "if the inmate has not received a written response from the staff member within a reasonable time, the inmate *should* immediately contact the inspector of institutional services either in writing or during regular open office hours." Ohio Admin. Code § 5120-9-31(K)(1) (emphasis added). Under this provision, Plaintiff was not specifically required to contact the inspector to properly comply with Ohio's grievance procedures. Further, "it is not the plaintiff's burden to continually inquire after a properly filed grievance." *Pack*, 174 F. App'x at 262. Plaintiff, therefore, did not, as a matter of law, fail to properly exhaust his grievance because he did not contact the Inspector.

**B.     Appeal**

The Undersigned also concludes that a genuine dispute of material fact exists as to whether Plaintiff appealed his grievance to the Office of the Chief Inspector. Defendant Lewis makes several arguments to support his contention that Plaintiff never filed an appeal to the Office of the Chief Inspector.

First, Defendant Lewis contends that the only way Plaintiff could have complied with the grievance procedure was to request an appeal form from Inspector Gray, the Inspector of Institutional Services at NCI. The Undersigned disagrees. Section 5120-9-31(K)(3) provides that an "inmate *may* request an appeal form from the inspector of institutional services." Ohio Admin. Code § 5120-9-31(K)(3) (emphasis added). An inmate is not required to request the form from the Inspector. Here, Plaintiff submits that he received the form from another inmate who had multiple forms available. (Lowe Aff. 1-2, ECF No. 35.) Consequently, whether

9

Plaintiff received the form from Inspector Gray is not dispositive on the issue of whether Plaintiff properly exhausted administrative remedies.  The relevant inquiry, rather, is whether Plaintiff actually filed a timely appeal of his grievance to the Office of the Chief Inspector.

Defendant Lewis also contends that Plaintiff's assertion that he filed an appeal to the Office of the Chief Inspector is inconsistent with his representations in his Complaint.  In his Complaint, Plaintiff states that (1) he presented the facts related to his complaint in the state prisoner grievance procedure; (2) that he complied with the state grievance system as required; (3) that he filed an informal complaint on November 29, 2013, a grievance on February 26, 2014, and a "Grievance to Chief Inspector"; and (4) that he exhausted all grievance procedures available.  (Pl.'s Compl. 3, ECF. 1-1).  Plaintiff's that he submitted a "Grievance to Chief Inspector" does not necessarily contradict his representation that he appealed his grievance to the Chief Inspector on March 10, 2014.  While Plaintiff's Complaint is vague with regard to his filing an appeal, given that the Court must construe his *pro se* pleadings liberally, the Undersigned cannot conclude that it is inconsistent with his assertions in his Response in Opposition.

Finally, Defendant Lewis submits sworn testimony that the Office of the Chief Inspector never received an appeal from Plaintiff.  (Wingard Aff. ¶ 16, ECF No. 8); (Lee Aff. ¶ 4, ECF No. 18-1).  Plaintiff presents conflicting sworn testimony and documentation[2] asserting that he filed an appeal on March 10, 2014.  (Lowe Aff. 2, ECF No. 35.)  Because the Court must view the evidence in a light most favorable to Plaintiff, the Undersigned concludes that a genuine issue of

---

[2]Plaintiff filed a copy of his appeal dated March 10, 2014.  Because this document is not authenticated as required under Federal Rule of Civil Procedure 56, the Undersigned does not

10

material fact exists as to whether Plaintiff filed an appeal.  Accordingly, the Undersigned **RECOMMENDS** that Defendant Lewis' Motion for Summary Judgment be **DENIED**.

### IV.

As set forth above, the Undersigned concludes that genuine issues of material fact exist as to whether Plaintiff properly exhausted administrative remedies before filing this instant action against Defendant Lewis.  Accordingly, it is **RECOMMENDED** that Defendant Lewis' Motion for Summary Judgment (ECF No. 8) be **DENIED**.  Defendant's Motion to Strike (ECF No. 23) is **GRANTED**.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

---

consider it in this Report & Recommendation.

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:  January 15, 2015	 /s/ *Elizabeth A. Preston Deavers*
	Elizabeth A. Preston Deavers
	United States Magistrate Judge