**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LOUIS N. LOWE,**

       **Plaintiff,**

                                   **Civil Action 2:14-cv-535**
      **v.**                               **Judge George C. Smith**
                                   **Magistrate Judge Elizabeth P. Deavers**

**WARDEN MICK OPPY,** *et al.,*

       **Defendants.**

**ORDER AND REPORT AND RECOMMENDATION**

This is a civil rights action under 42 U.S.C. § 1983 in which Plaintiff, Louis Lowe, alleges that Defendants, Lieutenant Lewis and Warden Oppy, deprived him of his right to practice his religion, Rastafarianism, under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing him to cut his dreadlocks ("locks"). This matter is before the United States Magistrate Judge for a report and recommendation on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Motion for Preliminary Injunction") (ECF No. 30), Plaintiff's Request for a Hearing on his Motion (ECF No. 30), and Defendants' Response in Opposition to Plaintiff's Motion (ECF No. 33). For the reasons stated below, the Undersigned **DENIES** Plaintiff's hearing request (ECF No. 30) and **RECOMMENDS** that the Court **DENY AS MOOT** Plaintiff's Motion for Preliminary Injunction (ECF No. 30).

## I.   BACKGROUND

On November 21, 2013, Plaintiff was transferred from federal custody, where he was permitted to grow his locks, to the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") to serve his state-court sentence.  Plaintiff alleges that upon his admission to the ODRC Correctional Reception Center ("CRC"), Defendant Lewis forced him to cut his locks.  Plaintiff contends that by forcing him to cut his locks, Defendants deprived him of his right to practice his religion under the First Amendment and RLUIPA.  Defendant Lewis is a Lieutenant at CRC.  Defendant Oppy is the Warden of CRC.  On December 16, 2013, Plaintiff was transferred from CRC to Noble Correctional Institution ("NCI").

On December 18, 2014, Plaintiff filed the instant Motion for Preliminary Injunction, requesting that the Court enjoin Defendants from:

> [E]nforcing Administrative Rule 5120-9-25(D) and DRC policy 52-RCP-01 [] in an arbitrary and capricious manner with the common goal to impede, interfere, [and] block[] the plaintiff and others of his and their First Amendment Right to Freedom of Religious Practice (Rastafarianism) in this action by enforcing the cutting of his and their hair, [and] hindering the exercise of legitimate religious practice through the actions of defendants threats, intimidation and issuance of conduct reports and/or placement in segregation. . .

(Pl.'s Mot. and Notice 1, ECF No. 30.)  Plaintiff further requested that Defendants refrain from using the term "dreadlocks" because it is derogatory towards the Rastafarian religion and that the word "dreadlocks" be stricken from Administrative Rule 5120-9-25-(D).

Defendants oppose Plaintiff's Motion for Preliminary Injunction, contending that (1) Plaintiff's request for injunctive relief is moot because his dreadlocks were cut on November 21, 2013; (2) Plaintiff's request for injunctive relief is moot because he was transferred to a different institution; (3) Plaintiff's request for a preliminary injunction should be denied because he has

not shown a strong likelihood of success on the merits, has not demonstrated that he will suffer irreparable harm if a preliminary injunction is not issued, or that the Public Interest would be served by issuing the requested injunctive relief; and (4) Plaintiff lacks standing to request injunctive relief on behalf of other inmates.  (Defs' Resp. to Pl.'s Mot. and Notice, ECF No. 33.)

As a preliminary matter, the Undersigned agrees that Plaintiff "'lacks standing to assert the constitutional rights of other prisoners.'"  *Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)).  Thus, to the extent that Plaintiff intends to assert claims on behalf of other inmates of the Rastafarian religion, his claims must fail.  Plaintiff's claims are therefore limited to "alleged violations of his own constitutional rights."  *Id.*

Further, as explained below, the Undersigned agrees with Defendants' assertion that Plaintiff's claims for injunctive relief are moot due to his transfer from CRC to NCI.[1]

## II.  STANDARD

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  Article III's case-or-controversy requirement subsists throughout all stages of the litigation.  *U.S. v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed.").  The doctrine of mootness is a corollary of Article III's case-or-controversy requirement.  "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once

---

[1]Because Plaintiff's claim is moot, the Undersigned does not consider the remainder of Defendants' contentions.

that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore *et al*, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct, seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("[A] prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility."); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette*, 65 F. A'ppx at 931. This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. (internal quotation marks and citations omitted).

### III.    ANALYSIS

Applying the foregoing authority to the instant action, the Undersigned concludes that Plaintiff's Motion for Preliminary Injunction is moot. Plaintiff only sues Defendants Lewis and Oppy, who are prison officials at CRC, the institution where he was formerly incarcerated. Since the initial incident, Plaintiff has been transferred from CRC to NCI. Put another way, Plaintiff's claims are moot because he is no longer confined at the institution where the Defendants are employed. Accordingly, the Court's entry of equitable relief on behalf of Plaintiff would have no effect on Defendants' actions towards him because Defendants perform their duties at an institution where Plaintiff is no longer incarcerated. Further, Plaintiff has not demonstrated that the Defendants are personally involved in, or have any control over, the implementation of grooming policies at NCI. Under these circumstances, a preliminary injunction against Defendants would have no effect on any of the parties. This Court does not have jurisdiction to render injunctive relief that will not have an effect or impact on the parties to this action.

Further, because Plaintiff's claims are against prison officials at CRC, and because Plaintiff has not demonstrated a reasonable expectation that he will be transferred back to CRC,

the capable-of-repetition exception to the mootness doctrine does not apply.  The Undersigned therefore **RECOMMENDS** that the Court **DENY AS MOOT** Plaintiff's Motion for a Preliminary Injunction.  Under these circumstances, Plaintiff's request for a hearing is **DENIED**.  (ECF No. 30.)

## V.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: February 10, 2015                    /s/ *Elizabeth A. Preston Deavers*
                                           Elizabeth A. Preston Deavers
                                           United States Magistrate Judge