UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOUIS N. LOWE,**

    **Plaintiff,**

                                                                                        **Civil Action 2:14-cv-535**

    **v.**                                                                       **Judge George C. Smith**
                                                                         **Magistrate Judge Elizabeth P. Deavers**

**WARDEN OPPY,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Louis N. Lowe, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants deprived him of his right to practice his religion (Rastafarianism) under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by forcing him to cut his locks. This matter is currently before the Court for consideration of Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 34) and Defendant Oppy's Response in Opposition to Plaintiff's Motion (ECF No. 37).  This matter is also before the Court for consideration of Defendant Oppy's Motion to Dismiss for Failure to State a Claim (ECF No. 25), Plaintiff's Response in Opposition to Defendant Oppy's Motion to Dismiss (ECF No. 26), Defendant Oppy's Reply (ECF No. 27), Plaintiff's Surreply (ECF No. 28), and Defendant Oppy's Motion to Strike Plaintiff's Surreply (ECF No. 29).   For the reasons that follow, Defendant Oppy's Motion to Strike Plaintiff's Surreply is **GRANTED** and it is **RECOMMENDED** that Plaintiff's Motion for Leave to File Amended Complaint be **DENIED** and that Defendant Oppy's Motion to Dismiss for Failure to State a Claim be **GRANTED**.

## I. BACKGROUND

On June 9, 2014, Plaintiff filed his Complaint against Lieutenant Lewis and "Warden John Doe." (ECF No. 3.) On September 29, 2014, Plaintiff filed an Amended Complaint, replacing "Warden John Doe" with Warden Mick Oppy. (ECF No. 19.) On November 4, 2014, Defendant Oppy filed a Motion to Dismiss for Plaintiff's failure to state a claim upon which relief could be granted. (ECF No. 25.) Defendant Oppy asserted that Plaintiff only mentioned him in the caption of the case and in the list of Defendants. Defendant Oppy further contended that he should be dismissed from the action because Plaintiff failed to allege any factual allegations against him. In his Response in Opposition to Defendant Oppy's Motion to Dismiss, Plaintiff asserted allegations against Defendant Oppy that were not contained in his Amended Complaint. (ECF No. 26.) Accordingly, on December 19, 2014, the Court informed Plaintiff that if he intended to pursue claims against Defendant Oppy, he must move to amend his Complaint within fourteen days. (ECF No. 32.)

On December 30, 2014, Plaintiff moved for leave to file an Amended Complaint. (ECF No. 34.) Plaintiff's second Amended Complaint includes the following allegations against Defendant Oppy: "Warden Oppy, as the supervisor, encourage[d] the specific incident of misconduct and directly participated by authorizing, approv[ing], or knowingly acquiesce[ing] in the unconstitutional conduct of the offending officer, Lt. Lewis, by enforcing policy and procedures that violate Plaintiff's First Amendment Right to Religion of choice and practices." (Pl.'s Am. Compl. 5, ECF No. 34-1.) On January 20, 2015, Defendant Oppy filed a Response in Opposition to Plaintiff's Motion for Leave to Amend, contending that Plaintiff's amendment should be denied because it is futile and could not survive a motion to dismiss. (ECF No. 37.)

## II.	LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, when a party decides "to advance a new claim as a result of [] discovery," Rule 15(a) provides for "liberal amendment to the complaint."  *Tucker v. Union of Needletrades, Indus. & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be futile*.'"  *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis added).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.  ANALYSIS

**A.  Plaintiff's Motion for Leave to File Amended Complaint**

The Court agrees with Defendant Oppy that Plaintiff's amendment is futile. As stated above, Plaintiff only alleges that "Warden Oppy, as the supervisor, encourage[d] the specific incident of misconduct and directly participated by authorizing, approv[ing], or knowingly acquiesce[ing] in the unconstitutional conduct of the offending officer, Lt. Lewis, by enforcing policy and procedures that violate Plaintiff's First Amendment Right to Religion of choice and practices." (Pl.'s Am. Compl. 5, ECF No. 34-1.) Plaintiff's amendment does not satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

Plaintiff's asserted claim against Defendant Oppy is devoid of factual allegations from which the Court could draw a reasonable inference that Defendant Oppy is liable for the alleged deprivation of Plaintiff's rights.  Instead of alleging factual content, Plaintiff submits a recitation of the elements of a cause of action under Section 1983 for supervisory liability.  He does not include any of the facts to support his claim.  Under these circumstances, Plaintiff's allegations against Defendant Oppy could not withstand a motion dismiss.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend be **DENIED** on the basis that it is futile.  *Riverview Health Inst. LLC*, 601 F.3d at 512 (finding that a court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss).

### B.     Defendant Oppy's Motion to Dismiss

Because Plaintiff's Motion for Leave to Amend his Complaint is futile, the Undersigned will consider Defendant Oppy's Motion to Dismiss, Plaintiff's Response in Opposition, Defendant Oppy's Reply, Plaintiff's Surreply, and Defendant Oppy's Motion to Strike Plaintiff's Surreply as they stand.  (ECF Nos. 25, 26, 27, 28, and 29.)

As a preliminary matter, Defendant Oppy's Motion to Strike Plaintiff's Surreply is **GRANTED**.  Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the Court has established the following procedure for filing memoranda:

> Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion. Failure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees. A reply memorandum may be served within fourteen (14) days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.

S.D. Ohio Civ. R. 7.2(a)(2).  Consequently, to properly file a surreply, Plaintiff must seek leave from the Court demonstrating good cause.  Here, Plaintiff did not do so before filing his Surreply to Defendant Oppy's Motion to Dismiss.  Accordingly, because Plaintiff did not seek leave or demonstrate good cause, Defendant Oppy's Motion to Strike is **GRANTED**.  (ECF No. 29.)

Defendant Oppy moves to dismiss Plaintiff's claim against him for failure to state a claim upon which relief can be granted.  Defendant Oppy contends that because his name is only mentioned in the caption of the case and in the list of Defendants and because Plaintiff did not assert any factual allegations against him, he should be dismissed from this action.

In his Response in Opposition, Plaintiff contends that Warden Oppy was a supervisor and policy maker at the Correctional Reception Center and therefore set the rules and policies that led to the cutting of his locks.  He contends that "Mr. Oppy, the Warden, Policy maker and enforcer, has given authorization to enforce the policy in place to violate every person[']s First Amendment Rights to practice their religious rights as Rastafarianism by the cutting of their 'Locks.'"  (Pl.'s Resp. in Opp. 2, ECF No. 26.)  Plaintiff, however, did not include any factual allegations against Defendant Oppy in his first Amended Complaint, and when given an opportunity to amend his Complaint a second time to add factual allegations, he only submitted legal conclusions.   Thus, as his Amended Complaint stands, he only mentions Defendant Oppy in the caption and when listing the Defendants.

As explained above, Plaintiff's claim against Defendant Oppy does not suffice under Rule 8(a) because his claim is not plausible on its face.  To bring a cause of action under Section 1983, a Plaintiff must plead that a person acting under color of law has caused a deprivation of a right that is secured by the Constitution or a law of the United States.  *Hunt v. Sycamore Cmty. School Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008).  Plaintiff cannot state a claim

against Defendant Oppy by merely pointing to his authority as a supervisor who implements policy at the prison. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff has not included any factual content from which the Court could conclude that Defendant Oppy deprived him of his Constitutional rights. Plaintiff only mentions Defendant Oppy's name in his Amended Complaint. In his Response in Opposition, he contends that Defendant Oppy violated his rights because he supervised and implemented the policies that led to the cutting of his locks. Plaintiff, however, does not describe in any of his pleadings any of Defendant Oppy's actions that could have possibly deprived him of his rights. Because vicarious liability is inapplicable in Section 1983 suits, Plaintiff must demonstrate that Defendant Oppy was personally involved in the alleged deprivation of his rights. He has not done so in this case. Thus, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Oppy. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Defendant Oppy from the instant action.

### IV.  CONCLUSION

For the above stated reasons, Defendant Oppy's Motion to Strike is **GRANTED** (ECF No. 29) and it is **RECOMMENDED** that Plaintiff's Motion for Leave to File Amended Complaint be **DENIED** (ECF No. 34) and Defendant Oppy's Motion to Dismiss for Failure to State a Claim be **GRANTED** (ECF No. 25).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  March 6, 2015                                                         /s/ *Elizabeth A. Preston Deavers*
                                                                                              Elizabeth A. Preston Deavers
                                                                                              United States Magistrate Judge