IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS N. LOWE,

    Plaintiff,

vs.                                          Case No.: 2:14-cv-535
                                                  JUDGE SMITH
                                                  Magistrate Judge Deavers

WARDEN OPPY, *et al.*,

    Defendants.

## ORDER

Plaintiff Louis Lowe initiated this 42 U.S.C. § 1983 case on June 6, 2014, alleging that Defendants deprived him of his right to practice his religion (Rastafarianism) by forcing him to cut his dreadlocks, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The following motions are currently pending before the Court:  Defendant Lewis's Motion for Summary Judgment (Doc. 8); Defendant Oppy's Motion to Dismiss (Doc. 25); Plaintiff's Motion and Notice for Preliminary Injunction in form of Temporary Restraining Order (Doc. 30); and Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 34).

The United States Magistrate Judge has issued three separate *Reports and Recommendations* recommending that Defendant Lewis's motion be denied, that Defendant Oppy's motion be granted, and that Plaintiff's motions for preliminary injunction and leave to amend be denied.  (*See* Docs. 36, 40, and 42).  The parties were advised of their right to object to those *Reports and Recommendations* and of the consequences of their failure to do so.  There have been no objections filed with respect to two of the *Reports and Recommendations* (Docs. 40

and 42). Therefore, the *Reports and Recommendations* dated February 10, 2015 and March 6, 2015 (Docs. 40 and 42) are hereby **ADOPTED** and **AFFIRMED.** Plaintiff's Motion for Preliminary Injunction is hereby **DENIED** and Defendant Oppy's Motion to Dismiss is hereby **GRANTED**.

With respect to the remaining *Report and Recommendation*, Doc. 36, Defendant Lewis filed objections and this matter is now before the Court on his objections to the *Report and Recommendation* denying his motion. (*See* Doc. 39). Plaintiff has responded. (Doc. 41). The duty of a district judge, when reviewing the report and recommendation of a magistrate judge upon a dispositive motion, is clear; "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2012). General objections, however, are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Lewis raises three main objections to the Magistrate Judge's January 15, 2015 *Report and Recommendation*. First, Defendant asserts that the recommendation is contrary to law because it misstates and misapplies Ohio Administrative Code §5120-9-31(K)(2). As a preliminary matter, the Court acknowledges that the Report and Recommendation incorrectly paraphrases the Ohio Administrative Code. Technically, Ohio Administrative Code § 5120-9-31(K)(2) states:

> If the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived, the inmate may obtain a notification of

2

> grievance form from the inspector of institutional services. All inmate grievances must be filed by the inmate no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step.

In paraphrasing this regulation, the Magistrate Judge's *Report and Recommendation* states, "If the inmate is not satisfied with the results at the first step, he may file a formal grievance with the inspector of institutional services at the prison where he is confined no later than fourteen (14) days after receiving a response to the informal complaint." (Doc. 36, *Report and Recommendation* at 6).

Defendant argues that the plain language of the Ohio Administrative Code requires an inmate to file a grievance within 14 days of "the date of the informal complaint response," not within 14 days of *receiving* the informal complaint response. Thus, Defendant asserts that it is undisputed that the date of the response to Plaintiff's informal complaint was December 12, 2013, (Doc. 8-3), and that the date Plaintiff actually received it is irrelevant. (Doc. 39, Def.'s Objs. at 4). But as a practical matter, and interpreting the administrative code as a whole, the Court finds it is reasonable to interpret that an inmate should receive a copy of the response to the informal complaint before he is required to file his grievance and indicate his dissatisfaction with the response.

Ohio Administrative Code § 5120-9-31(K)(1) does require the staff member to whom the informal complaint is directed to "respond in writing within seven calendar days of receipt of the informal complaint." And if the inmate does not receive a response within a reasonable time, the administrative code suggests that the inmate "should immediately contact the inspector of institutional services either in writing or during regular open office hours." *Id*. The Magistrate Judge concluded that under this provision, Plaintiff was not specifically required to contact the

3

inspector.  And there is no evidence in this case that Plaintiff contacted the inspector.  Rather, Plaintiff claims that he received a response to his informal complaint on February 19, 2014.  He therefore asserts he timely filed his grievance within 14 days of receipt of the response to his informal complaint.  The Inspector of Institutional Services ultimately denied Plaintiff's February 26, 2014 grievance as untimely.  Plaintiff then asserts that he timely appealed that decision on March 10, 2014.

The Magistrate Judge concluded that a "genuine dispute of material fact exists as to whether Plaintiff received a response to his informal complaint on December 12, 2013, or February 26, 2014, and, necessarily, whether Plaintiff filed his grievance within fourteen days of receiving Defendant Lewis' response to his informal complaint as required by Ohio's inmate grievance procedure." (Doc. 36, *Report and Recommendation* at 7).

The Court does not find that the Magistrate Judge's findings are contrary to law because this is a reasonable interpretation of the Ohio Administrative Code.  Reading the relevant sections as a whole, it is reasonable to conclude that an inmate should receive the response to his informal complaint before filing his grievance.  However, he also should have been aware that the staff member was required to respond within seven days of receiving his informal complaint.  He should have contacted the inspector when he did not receive a response within a reasonable time, but again, the code is not clear on what a "reasonable time" is and whether "should" is mandatory or just advisory.  Then, to further complicate matters, Plaintiff was transferred to a different prison.  When he claims that he finally received the response to his informal complaint on February 19, 2014, Plaintiff then proceeded to comply with his interpretation of the grievance procedure.  The Court finds that the relevant Ohio Administrative Code sections could be clearer,

4

but as currently drafted, the findings of the Magistrate Judge are not contrary to law.

Next, Defendant argues that the *Report and Recommendation* ignores this Court's prior holdings with regard to when an inmate exhausts his administrative remedies. Defendant submits that courts have consistently held that an inmate does not exhaust his administrative remedies until he has received a decision in an appeal to the Office of the Chief Inspector. *See Brown v. Warden*, 2012 U.S. Dist. LEXIS 115045, *37-38 (S.D. Ohio 2012) (Deavers, J.) ("An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector."); *see also Hattie v. Hallock*, 8 F. Sup. 2d 685, 687 (N.D. Ohio 1997)( "It is clear that, pursuant to theses inmate grievance mechanisms, an inmate 'exhausts his administrative remedies' only when he receives a written resolution from the chief inspector of institutions."). Again, the Court agrees that Defendant has correctly set forth the applicable law in this case, and the *Report and Recommendation* does not even address the lack of receipt of a decision on appeal because there was a dispute as to whether Plaintiff filed an appeal. The Magistrate states that the "relevant inquiry, rather, is whether Plaintiff actually filed a timely appeal of his grievance to the Office of the Chief Inspector." (Doc. 36, *Report and Recommendation* at 10). And then concluded that "a genuine issue of material fact exists as to whether Plaintiff filed an appeal." (*Id*. at 10-11). Plaintiff asserts that he filed his appeal on March 10, 2014, but the Office of the Chief Inspector has no record of receiving it. (Doc. 18-1, Lee Aff. ¶ 4).

The Court is concerned that Plaintiff never received a decision on his appeal; and the caselaw above makes clear that without a decision by the office of the Chief Inspector, Plaintiff could not have exhausted his administrative remedies. However, the Court is also mindful of the

decision reached by the Magistrate Judge and agrees that there is a genuine issue of material fact as to whether Plaintiff filed an appeal in the first place. The Court finds that the *Report and Recommendation* is not contrary to law as there is a dispute with respect to that issue.

Finally, Defendant asserts that the decision denying summary judgment based only on Plaintiff's self-serving affidavit is contrary to law. Defendant asserts that the findings of genuine issues of material fact set forth in the *Report and Recommendation* are based solely on Plaintiff's self-serving affidavit as the other supporting documentation Plaintiff submitted was not properly authenticated and therefore not considered. Defendant Lewis argues:

> This Court has held that "self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment." *Wolfe v. Vill. of Brice*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). The Sixth Circuit has concurred. *See Hoffner v. Bradshaw*, 622 F.3d 487, 500 (6th Cir. 2010) (finding that a "self-serving affidavit carries little weight, especially in light of the copious evidence in the record to contradict it"); *United States ex rel. Compton v. Midwest Specialties*, 142 F.3d 296, 303 (6th Cir. 1998) ("[A] party cannot avoid summary judgment through the introduction of self-serving affidavits that contradict prior sworn testimony.").

(Doc. 39, Def.'s Objs. at 6-7).

In the case at bar, each side has submitted affidavits that must be considered. Plaintiff's affidavit may carry little weight, but there is not exactly overwhelming or "copious evidence" to contradict it. Rather, the Magistrate Judge properly construed all the evidence in Plaintiff's favor in finding the genuine issues of material fact with respect to whether Plaintiff has exhausted his administrative remedies.

Therefore, for the reasons set forth above and set forth in further detail in the *Report and Recommendation*, this Court finds that Defendant Lewis's objections are without merit and hereby overruled. The *Report and Recommendation,* Document 36, is **ADOPTED** and

**AFFIRMED.**  Defendant Lewis's Motion for Summary Judgment is hereby **DENIED**.

The Clerk shall remove Documents 8, 25, 30, 34, 36, 40, and 42 from the Court's pending motions list.

**IT IS SO ORDERED**.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**